Julian L. RUSSELL, Petitioner—
Appellant,

v.

State of KANSAS, Respondent—
Appellee.

No. 11–3156.

United States Court of Appeals,
Tenth Circuit.

Nov. 15, 2011.

Julian L. Russell, El Dorado, KS, pro se.

Before BRISCOE, Chief Judge,
MURPHY, and MATHESON, Circuit
Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

MICHAEL R. MURPHY, Circuit
Judge.

Appellant, Julian L. Russell, filed an
application for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241 on January
11, 2011. Russell challenged his pretrial
detention at the Marion County Jail in
Marion, Kansas. The district court dis-
missed Russell's § 2241 habeas application
without prejudice, concluding abstention
was appropriate based on the doctrine
enunciated in *Younger v. Harris,* 401 U.S.
37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
The court also concluded that Russell had
failed to exhaust his state remedies.

Russell now seeks a certificate of ap-
pealability ("COA") to enable him to ap-
peal the district court's denial of his
§ 2241 application. A COA may issue
"only if the applicant has made a substan-
tial showing of the denial of a constitu-
tional right." 28 U.S.C. § 2253(c)(2). "A
petitioner satisfies this standard by dem-
onstrating that jurists of reason could dis-
agree with the district court's resolution
of his constitutional claims or that jurists
could conclude the issues presented are
adequate to deserve encouragement to
proceed further." *Miller–El v. Cockrell,*
537 U.S. 322, 327, 123 S.Ct. 1029, 154
L.Ed.2d 931 (2003). This "requires an
overview of the claims in the habeas peti-
tion and a general assessment of their
merits." *Id.* at 336, 123 S.Ct. 1029. Fur-
ther, when the district court denies a ha-
beas petition on procedural grounds with-
out reaching the applicant's underlying
constitutional claim, a COA should issue
only when the applicant shows, at least,
that jurists of reason would find it debata-
ble whether the petition states a valid
claim of the denial of a constitutional right
and that jurists of reason would find it
debatable whether the district court was
correct in its procedural ruling. *Slack v.
McDaniel,* 529 U.S. 473, 484, 120 S.Ct.
1595, 146 L.Ed.2d 542 (2000).

This court has reviewed Russell's appli-
cation for a COA and appellate brief, the

district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller–El* and concludes that Russell is not entitled to a COA. The record contains no indication that Russell pursued his claims in Kansas state court or has exhausted his state remedies. Accordingly, the district court's resolution of Russell's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Because Russell has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Russell's request for a COA and **dismisses** this appeal.